UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

LISA ANN DIXSON, )
)
    *Plaintiff* )
)
v. ) No. 2:13-cv-165-GZS
)
CAROLYN W. COLVIN, )
*Acting Commissioner of Social Security,* )
)
    *Defendant* )

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing past relevant work or, in the alternative, work existing in significant numbers in the national economy. The plaintiff seeks reversal and remand on the bases that the administrative law judge erred in (i) finding that she was capable of performing past relevant work, (ii) failing to evaluate her obesity in accordance with Social Security Ruling 02-1p ("SSR 02-1p"), and (iii) omitting a limitation against exposure to respiratory irritants. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (ECF No. 11) at 2-6. I find no reversible error and, accordingly, recommend that the court affirm the decision.

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), as amended January 1, 2013, which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on March 14, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through September 30, 2011, Finding 1, Record at 22; that she had severe impairments of obesity, chronic obstructive pulmonary disease ("COPD"), anxiety disorder, and affective disorder, Finding 3, *id*.; that she retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) and was able to lift and carry 10 pounds frequently and 20 pounds occasionally, sit for six hours in an eight-hour workday, stand or walk for two hours in an eight-hour workday, and climb, balance, stoop, kneel, crouch, and crawl occasionally, and was capable of performing the basic mental demands of work, Finding 5, *id*. at 24; that she was capable of performing past relevant work as a cashier/checker, which did not require the performance of work-related activities precluded by her RFC, Finding 6, *id*. at 29; that, in the alternative, considering her age (45 years old, defined as a younger individual, on her alleged disability onset date, October 1, 2007), education (limited), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, *id*. at 30; and that she, therefore, was not disabled from October 1, 2007, through the date of the decision, June 14, 2011, Finding 7, *id*. at 31. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the

determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. §§ 404.1520(f), 416.920(f); SSR 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 813.

Alternatively, the administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen*, 482 U.S. at 146 n.5; *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Step 4 (Past Relevant Work) Determination

The commissioner concedes that the administrative law judge erred at Step 4 in deeming the plaintiff capable of performing past relevant work as a cashier/checker. *See* Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 12) at 2. However, she contends that the error was harmless because he permissibly found in the

3

alternative, at Step 5, that she could perform other work. *See id*. For the reasons set forth below, I agree.

## B. Asserted Failure To Evaluate Obesity Properly

The administrative law judge's discussion of the plaintiff's severe impairment of obesity consisted of the following:

> [T]he evidence shows that the [plaintiff's] chronic obstructive pulmonary disease is exacerbated by obesity and ongoing tobacco use, and would greatly ease if she lost weight and stopped smoking.
>
> ***
>
> Impartial medical expert Peter B. Webber, M.D., reliably testified at hearing that the [plaintiff's] obesity and chronic obstructive pulmonary disease are not of listing level severity. Dr. Webber further testified that her impairments would restrict her to less than the full range of light standing and walking where her chronic obstructive pulmonary disease is restrictive, and that if she lost weight and stopped smoking it would diminish greatly.

Record at 26.

The plaintiff argues that, in contravention of SSR 02-1p, which requires an individualized assessment of the effects of obesity, the administrative law judge failed to explain how he took the condition into account, contrarily seeming to minimize its impact. *See* Statement of Errors at 3-4; SSR 02-1p, reprinted in *West's Social Security Reporting Service* Rulings 1983–1991 (Supp. 2013), at 257 ("An assessment should . . . be made of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment. Individuals with obesity may have problems with the ability to sustain a function over time. . . . In cases involving obesity, fatigue may affect the individual's physical and mental ability to sustain work activity. This may be particularly true in cases involving sleep apnea.").

She argues that the error was not harmless because a treating source, counselor Amy Merrill, LMSW, found that she had a marked limitation in her ability to complete a normal

4

schedule without an unreasonable number of rest breaks, and SSR 02-1p acknowledges that fatigue may limit an obese person's ability to sustain work activity, particularly in cases like hers in which a claimant is diagnosed with sleep apnea. *See* Statement of Errors at 4-5; Record at 594; SSR 02-1p at 257. She analogizes her case to *Kaylor v. Astrue*, No. 2:10-cv-33-GZS, 2010 WL 5776375 (D. Me. Dec. 30, 2010) (rec. dec., *aff'd* Feb. 7, 2011), and *Fothergill v. Astrue*, No. 2:11-cv-247-DBH, 2012 WL 1098444 (D. Me. Mar. 29, 2012) (rec. dec., *aff'd* Apr. 17, 2012), in which this court held that administrative law judges committed reversible error when they found severe impairments of obesity without any concomitant limitations, in violation of SSR 02-1p. *See* Statement of Errors at 5.

The plaintiff is correct that the administrative law judge erred in failing to explain how he accounted for her severe impairment of obesity. *See* SSR 02-1p at 257. Nonetheless, as the commissioner rejoins, *see* Opposition at 3-5, the error is harmless in that he expressly relied in making his RFC determination on the opinions of two medical experts who took the plaintiff's obesity-related restrictions into account: Dr. Webber, who testified at her hearing, and Jerry W. Bush, M.D., who examined her on behalf of the Disability Determination Services ("DDS"), *see* Record at 26, 29. Dr. Webber testified that he took obesity into account in assessing the plaintiff's ability to ambulate, climb, lift, bend, and kneel. *See id*. at 85, 108-12. Dr. Bush found that she had "mild impairment based on her physical limitations which would be prolonged standing and walking due to obesity and the shortness of breath with the asthma[,]" and that "[c]limbing, bending, stooping, crawling, etc., would be difficult due to her size." *Id*. at 380. In line with Drs. Webber's and Bush's opinions, the administrative law judge limited the plaintiff to lifting/carrying up to 10 pounds frequently and 20 pounds occasionally, two hours of

standing/walking in an eight-hour workday, and only occasional postural activities.  *See* Finding 5, *id.* at 24.

The administrative law judge's reliance on experts who expressly took into account the effects of obesity distinguishes this case from *Kaylor* and *Fothergill*, in which there was no such reliance.  *See Kaylor*, 2010 WL 5776375, at *3; *Fothergill*, 2012 WL 1098444, at *3.

As the commissioner points out, *see* Opposition at 5, because the administrative law judge, through his reliance on the Webber and Bush opinions, did take into account the effects of obesity, the burden shifted to the plaintiff to demonstrate additional limitations that she claims were omitted, *see, e.g., Fothergill*, 2012 WL 1098444, at *3-*4, *Cox v. Astrue*, No. 2:10-cv-26-DBH, 2010 WL 5260843, at *2 (D. Me. Dec. 16, 2010) (rec. dec., *aff'd* Jan. 4, 2011).  Her reliance on the opinion of Ms. Merrill falls short of calling that determination into question.

As the plaintiff's counsel acknowledged at oral argument, Ms. Merrill rendered her opinion in the context of providing an assessment of restrictions caused by mental impairments.  *See* Record at 588-95.  The plaintiff's counsel speculated that his client's fatigue could have had multiple causes; however, Ms. Merrill made no such statement.  Moreover, as the commissioner notes, *see* Opposition at 5, the administrative law judge rejected the Merrill opinion on the bases that it was not supported by contemporaneous treatment records and was contradicted by substantial evidence, *see* Record at 28, and the plaintiff does not separately challenge that disposition, *see generally* Statement of Errors.

The administrative law judge's error in failing to articulate the effects of the plaintiff's obesity, accordingly, was harmless.

## C. Asserted Failure To Assess Respiratory Irritant Limitations

The plaintiff finally argues that the administrative law judge erred in failing to assess, or even discuss, her need to avoid respiratory irritants on account of her COPD. *See* Statement of Errors at 6. She cites the following colloquy between Dr. Webber and the administrative law judge:

> Q Okay, and no temperature extremes or respiratory irritants, anything that's over –
>
> A Well, I'm not sure what the definition of extreme is, but most Maine weather, except for when it's colder than –
>
> Q All right.
>
> A – bejesus I think it's probably all right.

Record at 112. She contends that, although Dr. Webber did not complete his answer, he appeared to agree with the administrative law judge that she should not be exposed to respiratory irritants. *See* Statement of Errors at 6. She reasons that it was reversible error to fail to include that limitation in the hypothetical questions that the administrative law judge posed to the vocational expert, given Social Security Ruling 85-15's observation that most job environments are not "entirely free of irritants, pollutants, and other potentially damaging conditions." *Id*. (quoting SSR 85-15, reprinted in *West's Social Security Reporting Service* Rulings 1983–1991, at 352).

The commissioner rejoins that Dr. Webber testified merely that the plaintiff should avoid extreme cold and, to the extent that there was any ambiguity, the plaintiff's counsel should have inquired at hearing. *See* Opposition at 6. She notes that the omission of the limitation against exposure to extreme cold is harmless because the laundry worker job that the administrative law judge deemed the plaintiff capable of performing entails no such exposure. *See id*. She adds

7

that, even if the administrative law judge erred in failing to include a limitation against exposure to respiratory irritants, that error, as well, is harmless because the laundry worker job does not entail such exposure. *See id.*

The commissioner has the better argument. Dr. Webber unambiguously testified only that the plaintiff needed to avoid extreme cold. *See* Record at 112. The administrative law judge's error in failing to find such a limitation or convey it to the vocational expert was harmless, inasmuch as the Dictionary of Occupational Titles (U.S. Dep't of Labor, 4th ed. Rev. 1991) ("DOT") indicates that the laundry worker job entails no exposure to weather or extreme cold. *See* DOT § 302.685-010. This is dispositive of the plaintiff's point of error.

In any event, to the extent that the plaintiff, who was represented at hearing, seeks reversal and remand on the basis that Dr. Webber's answer was incomplete or otherwise ambiguous, her counsel could and should have sought clarification at the time. *See, e.g., Fallon v. Social Sec. Admin. Comm'r*, No. 1:10-cv-00058-JAW, 2011 WL 167039, at *9 (D. Me. Jan. 14, 2011) (rec. dec., *aff'd* Feb. 18, 2011) ("[Claimant] was represented by counsel at her hearing and the Judge permitted [her] counsel to question the vocational expert. There is an expectation that counsel will explore these concerns with the vocational expert at the hearing, not leave such matters to technical challenges before the courts."). Even had the administrative law judge erred in failing to find and convey to the vocational expert a restriction against respiratory irritants, the DOT indicates that the laundry worker job entails no exposure to toxic chemicals, atmospheric conditions, extreme heat, extreme cold, or any other environmental condition. *See* DOT § 302.685-010.

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of March, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge